

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2007

# USA v. Concepcion

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1343

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Concepcion" (2007). *2007 Decisions*. Paper 626.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/626

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1343

UNITED STATES OF AMERICA
v.
ALEXIS CONCEPCION,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 02-cr-00488)
Honorable Ronald L. Buckwalter

Submitted April 19, 2007

Before: MCKEE, AMBRO, *Circuit Judges*, and MICHEL,[*] *Judge*

_____

OPINION
_____

MCKEE, *Circuit Judge*

Alexis Concepcion appeals the sentence that was imposed after he pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, one count of possession of cocaine base with intent to distribute, and possessing a firearm and ammunition illegally as a convicted felon. For the reasons that follow we will affirm.

_____

[*] Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

1

Inasmuch as we write only for the parties who are familiar with this case, we need not elaborate the historical or procedural background.  Although the defendant argues that the district court gave undue weight to the sentencing guidelines and thereby mis-applied 18 U.S.C. § 3553(a) in determining an appropriate sentence, it is clear from our review of the sentencing transcript that that argument is without merit.  The court meticulously "walked through" the various considerations set forth under § 3553(a), specifically considering and explaining the need for deterrence, the nature and circumstances of the offense, the history and chacteristics of the defendant (including his age, family life, limited education and drug use), the importance of reflecting the seriousness of the offense, and promoting respect for law while providing a just punishment, and the need to protect the public. *See* App. 9-12.   In doing this, the court specifically mentioned the defendant's "sad" absence of family life and the complications of the drug usage of many persons around him as well as his own drug involvement. *Id.*

Although we have explained that sentencing court need not repeat verbatim each and every sentencing factor under § 3553(a) to comply with the ruling in *United States v. Booker*, 543 U.S. 220 (2005), *see United States v.Cooper*, 437 F.3d 324 (3d Cir. 2006), the court here specifically mentioned each sentencing consideration and explained how it factored into fashioning an appropriate sentence.  The resulting sentence was reasonable and the court did not afford the sentencing guidelines greater prominence than was appropriate under our case law. *See Cooper, Id.*  In fact, it is difficult to imagine a more

meticulous explanation of how the § 3553(a) factors result in a sentence, and the defendant's arguments to the contrary approach frivolity.

For the reasons set forth above, the judgment of sentence imposed on January 18, 2006 is hereby affirmed.